## C. H. BURKS *v.* JOHN BURKS.

Pleading—Demurrer—Sufficiency of Petition.

> A petition is not demurrable, that fully sets out a prior suit, assigning as a reason for not filing the papers, that they had been burned in the clerk's office. Nor would the giving of each specific date of each step taken be necessary.

APPEAL FROM HART CIRCUIT COURT.

February 3, 1870.

OPINION OF THE COURT BY JUDGE PETERS:

After a careful examination of the original and amended petitions in this case we have been unable to discover any material

omission, or defect, for which the demurrer should have been sustained, especially after filing the amendment.

It is alleged that suit was brought in the county of the residence of the obligor, to the first term of the court after the assignment, and judgment obtained at that term of the court, that an execution was issued thereon as soon after judgment as it could issue, directed to the sheriff of the county in which the defendant resided and placed it in the hands of said sheriff *"immediately"* after it issued, which was returned by him in due and proper time in substance, no property found. And assigned as a reason for not filing a transcript of the record and proceedings, as parts of the petition, that they were burned with the clerk's office, and he cannot in consequence thereof, procure them. It would seem unreasonable to require appellee to state the date of each step in the case; if he brought suit against the obligor in the note and obtained judgment against him at the first term of the circuit court of the county of his residence, had an execution issued thereon as soon as it could have been done, and placed it in the hands of the sheriff immediately after it issued, and it was returned by him in proper time, appellee has done all that he was required by law to entitle him to his recourse on his assignor.

Wherefore the judgment is *affirmed*.

*Read,* for appellant.

*Burnett & Edwards,* for appellee.